******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DOMINICK LUCENTI *v.* GREG LAVIERO ET AL.
(AC 37734)

DiPentima, C. J., and Prescott and Mullins, Js.

*Argued February 4—officially released May 10, 2016*

(Appeal from Superior Court, judicial district of New Britain, Hon. Joseph M. Shortall, judge trial referee.)

*Edward W. Gasser*, with whom, on the brief, was

*Sara E. Greene*, for the appellant (plaintiff).

*Kathleen F. Adams*, with whom was *Peter J. Ponzi-ani*, for the appellees (defendants).

*Opinion*

DiPENTIMA, C. J. In this appeal, the plaintiff, Dominick Lucenti, challenges the trial court's determination that his complaint for damages resulting from work-related injuries was barred by General Statutes § 31-284 (a),[1] the exclusivity provision of the Workers' Compensation Act (act), General Statutes § 31-275 et seq. The plaintiff appeals from the summary judgment rendered in favor of the defendants, Greg Laviero and Martin Laviero Contractors, LLC (Laviero Contractors).[2] We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. The plaintiff claimed that he suffered various injuries on October 28, 2011, while working for Laviero Contractors. On the day of the incident, the plaintiff was replacing a catch basin. To accomplish this task, he was operating an excavator in an attempt to pull the catch basin out of the ground. During this operation, the excavator, while "running at full throttle . . . slipp[ed] off the catch basin and [swung] back and then [swung] forward," injuring the plaintiff.

On October 23, 2013, the plaintiff commenced this action alleging in a two count complaint that, because of the defendants' "reckless conduct," he suffered injuries. The defendants' alleged reckless conduct was, inter alia, "directing that the excavator not be properly repaired prior to the incident even though [they] knew that there was a likelihood that individuals operating the equipment, including the plaintiff, would likely sustain serious bodily injuries . . . ." The plaintiff alleged that a temporary repair made prior to the incident made "the excavator run at full throttle thereby making a jerking action." After the parties conducted discovery, on October 14, 2014, the defendants filed a motion for summary judgment.

The defendants argued that they were entitled to summary judgment because, pursuant to the exclusivity provision of the act, § 31-284 (a), the defendants were exempt from liability for civil damages. The defendants further argued that, because there was "no wilful, malicious or intentional conduct intended to injure the [p]laintiff in this case, there was no exception to the exclusivity provision in this case." In support of their argument, the defendants submitted excerpts of transcripts from two depositions given by the plaintiff, as well as an excerpt of Laviero's deposition and his affidavit. Pertinent to this appeal, Laviero stated at his deposition that he had operated the excavator a "week or so" prior to the incident and again after the incident. Laviero also asserted that the excavator operated at "full throttle" because it was the excavator's hydraulic system that controlled the speed of the machine and not the throttle. In his affidavit, Laviero averred that he neither intended to injure the plaintiff, nor intended to "create

a situation that would result in the [p]laintiff being injured," and he had not ordered the excavator repaired "between October 28, 2011, and the time of [his] subsequent operation."

The plaintiff filed an objection to the motion for summary judgment. In his memorandum of law, the plaintiff claimed that the defendants had "rigged" the excavator to operate only at "full throttle"; thus, the defendants "intentionally created a dangerous condition that made [the] plaintiff's injuries substantially certain to occur, thereby overcoming the exclusivity rule of the [act]." In support of his argument, the plaintiff submitted an affidavit from Daniel Quick, a former Laviero Contractors employee, as well as his own affidavit and an excerpt from his deposition.

Quick averred that he worked for Laviero Contractors for "two seasons" as a machine operator. Quick also averred that in September, 2011, he was using the excavator at issue when it malfunctioned and would only operate on idle. According to Quick, Laviero instructed a mechanic to "rig the machine so that it could only be operated at full [throttle]." Quick also averred that he told Laviero that the excavator was "too dangerous to operate" and, "as rigged," somebody would be injured.

The plaintiff's affidavit provided additional details to support his argument. Specifically, the plaintiff averred that he had notified Laviero that the excavator ran only in full throttle and that this was dangerous, to which, according to the plaintiff, Laviero concurred. The plaintiff further averred that Laviero stated that he was unwilling to "put any money into [the excavator]" because he was going to sell it. Also, the plaintiff averred that after he was injured, he spoke to a mechanic, Michael Lauder. The plaintiff attached to his affidavit a statement purportedly written by Lauder. This unsworn, but signed statement dated October 8, 2013, claimed, inter alia, that although Lauder and some other unnamed persons notified Laviero Contractors that the excavator needed to be repaired, he and the unnamed persons were "instructed to rig the machine so the throttle would run at full speed at all times." According to this statement, Laviero Contractors did not "want to put money into repairs," because it was considering selling the excavator. Finally, Lauder's purported statement provided that after the plaintiff was injured, Laviero Contractors "instructed [Lauder] to fix [the excavator] properly," and the excavator subsequently was sold.

After a hearing on the motion, the court, *Hon. Joseph M. Shortall*, judge trial referee, issued a memorandum of decision on February 23, 2015, in which it granted the defendants' motion for summary judgment on the ground that the exclusivity provision of the act barred the plaintiff's action against the defendants. The court

concluded that the plaintiff could not satisfy an exception to the exclusivity provision pursuant to the substantial certainty test set forth in *Suarez* v. *Dickmont Plastics Corp.*, 242 Conn. 255, 698 A.2d 838 (1997), because he could not "prove an intent on the part of the defendant to create a working condition that was 'substantially certain' to injure [the] plaintiff or other employees." Specifically, the court found it significant that Laviero regularly operated the excavator at issue, including "a week before the plaintiff's claimed injury and shortly after his injury . . . ." Thus, the court determined that "there can be no genuine dispute as to whether the defendants created a condition that they believed was substantially certain to cause injury." The court reasoned, "[h]ow could a jury conclude that . . . Laviero, the owner and principal of the corporate defendant, intentionally created a dangerous condition that was substantially certain to cause injury to someone operating the excavator when he, himself, operated the machine on a regular basis? While it is seldom appropriate for summary judgment to enter where the material fact is the intent of the defendant, this is one of those rare cases in which it is appropriate." This appeal followed.

"The standard of review of motions for summary judgment is well settled. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Abendroth* v. *Moffo*, 156 Conn. App. 727, 730–31, 114 A.3d 1224, cert. denied, 317 Conn. 911, 116 A.3d 309 (2015).

"On a motion by [the] defendant for summary judgment the burden is on [the] defendant to negate each claim as framed by the complaint . . . . It necessarily follows that it is only [o]nce [the] defendant's burden in establishing his entitlement to summary judgment is met [that] the burden shifts to [the] plaintiff to show that a genuine issue of fact exists justifying a trial." (Citation omitted; internal quotation marks omitted.) *Rockwell* v. *Quintner*, 96 Conn. App. 221, 229, 899 A.2d 738, cert. denied, 280 Conn. 917, 908 A.2d 538 (2006).

Moreover, "a party opposing a summary judgment motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . [T]ypically, [d]emonstrating a genuine issue requires a showing of evidentiary facts or substantial

evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. . . . Moreover, [t]o establish the existence of a material fact, it is not enough for the party opposing summary judgment merely to assert the existence of a disputed issue. . . . Such assertions are insufficient regardless of whether they are contained in a complaint or a brief. . . . Further, unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact." (Internal quotation marks omitted.) *Martinez* v. *Southington Metal Fabricating Co.*, 101 Conn. App. 796, 799–800, 924 A.2d 150, cert. denied, 284 Conn. 930, 934 A.2d 246 (2007).

"On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant [a moving party's] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Abendroth* v. *Moffo*, supra, 156 Conn. App. 731.

In actions seeking to avoid the exclusivity provision of the act, our Supreme Court has explained that "[e]mployees who are injured during the course of employment have a right to compensation exclusively through the workers' compensation system . . . and are generally barred from bringing common-law actions against employers for their injuries. . . . We have recognized a narrow exception to this general rule when a plaintiff can establish an intentional tort claim by demonstrating that his employer either: (1) actually intended to injure [the employee] . . . or (2) intentionally created a dangerous condition that made [the employee's] injuries substantially certain to occur . . . ." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Motzer* v. *Haberli*, 300 Conn. 733, 743–44, 15 A.3d 1084 (2011); see also *Suarez* v. *Dickmont Plastics Corp.*, supra, 242 Conn. 279–80.

Thus, the plaintiff "must allege facts to establish either that the employer actually intended to injure the plaintiff (actual intent standard) or that the employer intentionally created a dangerous condition that made the plaintiff's injuries substantially certain to occur (substantial certainty standard).[3] Under either theory of employer liability, however, the characteristic element [of wilful misconduct] is the design to injure either actually entertained or to be implied from the conduct and circumstances. . . . Not only the action producing the injury, but [also] the resulting injury also must be intentional. . . .

"Although it is less demanding than the actual intent standard, the substantial certainty standard is, nonetheless, an intentional tort claim requiring an appropriate showing of intent to injure on the part of the defendant. . . . This court has stated [that i]t is important to note

that the substantial certainty standard is a subset of the intentional tort exception. . . . Whereas the intentional tort test requires that both the act producing the injury and the specific injury to the employee must be intentional . . . the substantial certainty standard requires a showing that the act producing the injury was intentional or deliberate and the resulting injury, from the standpoint of the employer, was substantially certain to result from the employer's acts or conduct . . . . In sum, the substantial certainty standard requires that the plaintiff establish that the employer intentionally acted in such a way that the resulting injury to the employee was substantially certain to result from the employer's conduct. . . . To satisfy the substantial certainty standard, a plaintiff must show more than that [a] defendant exhibited a lackadaisical or even cavalier attitude toward worker safety . . . . Rather, a plaintiff must demonstrate that his employer *believed* that its conduct was substantially certain to cause the employee harm." (Citations omitted; emphasis added; footnote added; internal quotation marks omitted.) *Martinez* v. *Southington Metal Fabricating Co.*, supra, 101 Conn. App. 803–804.

Moreover, we bear in mind that "[t]he exception [to the exclusivity provision] gives an employee a cause of action in addition to the remedies provided by the act. . . . [T]he employer must have engaged in intentional misconduct, as that has been defined through our case law . . . directed against its employee. . . . Anything short of genuine intentional injury sustained by the employee and caused by the employer is compensable under the [a]ct. . . . The exception does not include accidental injuries caused by gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury." (Emphasis omitted; internal quotation marks omitted.) *Sorban* v. *Sterling Engineering Corp.*, 79 Conn. App. 444, 450, 830 A.2d 372, cert. denied, 266 Conn. 925, 835 A.2d 473 (2003).

On appeal, the plaintiff argues that the court erred in granting the defendants' motion for summary judgment because he presented evidence demonstrating that there was a genuine issue of material fact, namely, that the defendants "rigged" the excavator, and this created a dangerous condition that made the plaintiff's injuries substantially certain to occur. Moreover, the plaintiff contends that the court misapplied the substantial certainty test. Specifically, he argues that the court's rhetorical question in its memorandum of decision was the standard it applied to his claim. Therefore, the plaintiff takes issue with the court assessing Laviero's willingness to use the excavator because it was not relevant to the substantial certainty test. We disagree with the plaintiff's argument.

To facilitate our analysis, we find this court's decision in *Martinez* v. *Southington Metal Fabricating Co.*, supra, 101 Conn. App. 796, insightful. The plaintiff in that case suffered a severe crush injury that led to his left arm being amputated below the elbow. Id., 798. The injury was sustained because of a miscommunication between the plaintiff and another employee when the plaintiff had his arm inside a metal bending machine. Id. The plaintiff argued that "the combined effect of the large number of safety violations and the lack of training created a situation that would allow a trier of fact to find that the defendant intentionally created a dangerous situation in which it had been substantially certain that his injury would occur." Id., 805. To support his argument, the plaintiff provided expert testimony that his injuries were substantially certain to occur. Id., 806. We concluded that "an opinion by an expert that an injury was substantially certain to occur does not support the requirement that the defendant believed that its conduct was substantially certain to cause the employee harm." (Emphasis omitted.) Id.

In the present case, the plaintiff does not raise a genuine issue of material fact as to the "requirement of a showing of the employer's *subjective* belief that the [plaintiff's] injury was substantially certain to occur." (Emphasis in the original.) Id. The plaintiff avers that, in his opinion, the excavator was not meant to operate at full throttle and that the excavator was dangerous. The plaintiff also provides Quick's affidavit to buttress his argument that the defendants created a dangerous condition that made his injuries substantially certain because the excavator, as modified, would only operate at full throttle.[4] Even assuming, arguendo, that the plaintiff is correct, he does not show that the defendants had the subjective belief that the plaintiff's injuries were substantially certain to occur when using an excavator that only operates on full throttle. The defendants' rationale in having the excavator operate in such fashion may be reckless and may demonstrate a "cavalier attitude toward worker safety . . . ." (Internal quotation marks omitted.) Id., 804. Similar to *Martinez*, the evidence presented by the plaintiff in this case falls short of demonstrating that the defendants "believed that [their] conduct was substantially certain to cause the [plaintiff] harm." Id.

The plaintiff also misconstrues the court's application of the substantial certainty test. He claims that the court's rhetorical question[5] in its memorandum of decision is the wrong legal standard by which to evaluate his claim. The plaintiff misunderstands the court's rhetorical question. The court's memorandum of decision correctly provides the relevant law, and the plaintiff at oral argument before this court acknowledged that. The plaintiff, however, reads the court's question in such a way as to conclude that the question was the standard

that the court applied to his claim. A careful reading of the court's memorandum of decision, however, demonstrates that the court was not modifying the substantial certainty standard; rather, it was merely suggesting that it would be logical to conclude that because Laviero was willing to use the excavator before and after the incident thereby potentially exposing himself to harm, the plaintiff cannot show that the defendants had the requisite intent required to overcome the exclusivity provision of the act. We further note that the court's decision to grant the defendants' motion for summary judgment must survive our plenary review of the pleadings, affidavits, and any other proof before the court.

As previously discussed, the exception to the exclusivity provision of the act, as a matter of law, does not encompass injuries to employees resulting from an employer's intentional, wilful, or reckless conduct without a conscious and deliberate intent directed to the purpose of inflicting an injury. See *Sorban* v. *Sterling Engineering Corp.*, supra, 79 Conn. App. 450. Moreover, under the substantial certainty standard, an employer's intent to injure can be implied from the conduct and circumstances, and, "[n]ot only the action producing the injury, but [also] the resulting injury . . . must be intentional." (Internal quotation marks omitted.) *Martinez* v. *Southington Metal Fabricating Co.*, supra, 101 Conn. App. 803. Here, in opposing the motion for summary judgment, the plaintiff did not meet his burden to show that there was a genuine issue of material fact that the defendants "believed that [their] conduct was substantially certain to cause the [plaintiff] harm." Id., 804. Thus, the court properly rendered summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 31-284 (a) provides in relevant part: "An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . . All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees . . . arising out of personal injury . . . sustained in the course of employment are abolished other than rights and claims given by this chapter, provided nothing in this section shall prohibit any employee from securing, by agreement with his employer, additional compensation from his employer for the injury or from enforcing any agreement for additional compensation."

[2] Laviero is the owner and principal of Laviero Contractors.

[3] Here, the plaintiff relies on the substantial certainty standard, not the actual intent standard.

[4] The relevant portion of Quick's affidavit is as follows:

"13. I told . . . Laviero that:

"(a) you need to get the excavator fixed properly;

"(b) it was too dangerous to operate in this way;

"(c) as rigged, either I am going to get hurt or I am going to hurt someone."

[5] The rhetorical question was "[h]ow could a jury conclude that . . . Laviero, the owner and principal of the corporate defendant, intentionally created a dangerous condition that was substantially certain to cause injury to someone operating the excavator when he, himself, operated the machine on a regular basis?"