CHERYL STEBBINS ET AL. *v.* DONCASTERS, INC.
(SC 16741)

Sullivan, C. J., and Norcott, Katz, Palmer and Vertefeuille, Js.

Argued February 14—officially released April 22, 2003

*Bruce E. Newman*, for the appellants (named plaintiff et al.).

*Constance L. Epstein*, with whom, on the brief, were *Christopher M. Harrington* and *Salvatore J. Papa*, law student intern, for the appellee (defendant).

*Karen T. Staib* and *Vaughan Finn* filed a brief for the Connecticut Business and Industry Association, Inc., as amicus curiae.

*Opinion*

PER CURIAM. The plaintiffs,[1] individual employees of the defendant, Doncasters, Inc., appeal[2] from the trial court's summary judgment determining that the plaintiffs' complaint alleging wilful misconduct and intentional acts in subjecting the plaintiffs to hazardous working conditions was barred by the exclusivity provision of the Workers' Compensation Act (act), General Statutes § 31-284.[3] The plaintiffs contend that the trial

---

[1] The plaintiffs are Cheryl Stebbins, Linda Johnson, Judith Gunterman, Janet Sokol, Patrick Furlong, Rina Ouellet, Donald Olson, Sr., Wesley Gadd, David Simmons, Barbara Stevens, Marianna Bendas, Bernice Meyer, Hanna Stepien, Mary Bossie, Susan DeFrancesco, Grazyna Krupa, Sharon Lavertue, William Longfellow, Johanna Martin, Zenaida Torres, John Ruest and Blaine Perry.

[2] The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c).

[3] General Statutes § 31-284 provides in relevant part: "(a) An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as provided under this chapter, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are

court improperly granted the defendant's motion for summary judgment because their claims fall within the exception to the exclusivity statute enunciated in *Suarez* v. *Dickmont Plastics Corp.*, 229 Conn. 99, 639 A.2d 507 (1994), and *Suarez* v. *Dickmont Plastics Corp.*, 242 Conn. 255, 698 A.2d 838 (1997), for cases where the employee can prove "either that the employer actually intended to injure the plaintiff (actual intent standard) or that the employer intentionally created a dangerous condition that made the plaintiff's injuries substantially certain to occur (substantial certainty standard)." Id., 257–58. We affirm the judgment of the trial court.

For purposes of ruling on the motion for summary judgment, the trial court assumed the truth of the plaintiffs' allegations that they had suffered respiratory ailments proximately caused by exposure in the workplace to airborne droplets of petroleum-based metalworking fluids that had been contaminated by microorganisms. Inhalation of the droplets introduced the microorganisms into the plaintiffs' lungs resulting in a form of hypersensitivity pneumonitis.

The defendant presented the following documentary evidence in support of its motion for summary judgment. The outbreak of pneumonitis was confined to the defendant's Farmington plant even though the same types of machinery and fluids were used during the same period at another facility of the defendant located in Ivoryton. The majority of the employees at the Farmington plant exhibited no signs of the illness. Tests performed on the air at the Farmington factory revealed levels of metalworking fluid within the safety standards required by the federal Occupational Safety and Health Act; 29 U.S.C. § 651 et seq.; and the National Institute

abolished other than rights and claims given by this chapter, provided nothing in this section shall prohibit any employee from securing, by agreement with his employer, additional compensation from his employer for the injury or from enforcing any agreement for additional compensation. . . ."

for Occupational Safety and Health. An investigation by the occupational hazards department of the University of Connecticut Health Center (center) resulted in findings that listed microorganisms in the fluid as the most likely source of the outbreak but did not conclusively identify the cause in the absence of a biopsy. The center made certain tentative recommendations to the defendant that the defendant followed in part and ignored in part. The outbreak subsided without definitive findings as to its cause or remission. The defendant also presented deposition testimony and an affidavit by Robert Boswell, its manager of safety, health and environment, that the defendant was and remains ignorant as to the cause of the outbreak and that the defendant never intended to harm its workers or believed that its practices would result in injury.

The plaintiffs presented documentary evidence that the defendant repeatedly failed to follow the center's recommendations, especially with respect to the use of a specific type of respirator. It also produced evidence that the defendant had violated other safety rules and regulations regarding ventilation and the proper labeling of containers of hazardous materials.

The trial court concluded that, although the plaintiffs' evidence may have showed that the defendant exhibited a "lackadaisical or even cavalier" attitude toward worker safety, the evidence did not establish that the defendant believed that its conduct was substantially certain to cause illness. Therefore, the court concluded that the plaintiffs' complaint was barred by the exclusivity provision of the act and, accordingly, granted the defendant's motion for summary judgment. *Stebbins* v. *Doncasters, Inc.*, 47 Conn. Sup. 638, 820 A.2d 1137 (2002). This appeal followed.

Our examination of the record on appeal, and the briefs and arguments of the parties, persuades us that

the judgment of the trial court should be affirmed. Because the trial court's memorandum of decision fully addresses the arguments raised in the present appeal, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on these issues. It would serve no useful purpose for us to repeat the discussion therein contained. See *Norfolk & Dedham Mutual Fire Ins. Co.* v. *Wysocki*, 243 Conn. 239, 241, 702 A.2d 638 (1997).

The judgment is affirmed.