EVELEIGH, J., dissenting.
I respectfully dissent. Unlike the majority, in my view, the plaintiff, Dominick Lucenti, has demonstrated the existence of a genuine issue of material fact with respect to whether the defendants, Greg Laviero and Martin Laviero Contractors, Inc. (Laviero Contractors), subjectively believed that the altered excavator made the plaintiff's injuries substantially certain to occur. Accordingly, I would reverse the judgment of the Appellate Court.
I agree with the facts and procedural history set forth in the majority opinion. "The standard of review of a trial court's decision granting summary judgment is well established. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, **798 the trial court must view the evidence in the light most favorable to the nonmoving party.... The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law.... Our review of the trial court's decision to *22 grant [a] defendant's motion for summary judgment is plenary.... On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Internal quotation marks omitted.) Cefaratti v. Aranow , 321 Conn. 637, 645, 138 A.3d 837 (2016).
We consistently have interpreted General Statutes § 31-284 (a), the exclusivity provision of the Workers' Compensation Act (act), General Statutes § 31-275 et seq., "as a total bar to common law actions brought by employees against employers for job related injuries with one narrow exception that exists when the employer has committed an intentional tort or where the employer has engaged in wilful or serious misconduct." Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 106, 639 A.2d 507 (1994) ( Suarez I ); see also Jett v. Dunlap , 179 Conn. 215, 217, 425 A.2d 1263 (1979).
This court revisited the substantial certainty standard in Suarez v. Dickmont Plastics Corp. , 242 Conn. 255, 279-80, 698 A.2d 838 (1997) ( Suarez II ). In that case, this court explained as follows: "In defining intent, we have stated that intent refers to the consequences of an act ... [and] denote [s] that the actor desires to cause [the] consequences of his act, or that he believes that the consequences are substantially certain to follow from it.... A result is intended if the act is done for the purpose of accomplishing such a result or with knowledge that to a substantial certainty such a result will ensue.... An intended or wilful injury does not **799 necessarily involve the ill will or malevolence shown in express malice, but it is insufficient to constitute such an [intended] injury that the act ... was the voluntary action of the person involved.... Therefore, to escape the exclusivity of the act, the victim of an intentional injury must rely on the intended tort theory or the substantial certainty theory. Under the former, the actor must have intended both the act itself and the injurious consequences of the act. Under the latter, the actor must have intended the act and have known that the injury was substantially certain to occur from the act." (Citations omitted; emphasis omitted; internal quotation marks omitted.) Id."Under either theory of employer liability, however, the characteristic element [of wilful misconduct] is the design to injure either actually entertained or to be implied from the conduct and circumstances.... Not only the action producing the injury but the resulting injury also must be intentional." (Internal quotation marks omitted.) Morocco v. Rex Lumber Co. , 72 Conn. App. 516, 523, 805 A.2d 168 (2002). "This intent is distinguishable from reckless behavior.... High foreseeability or strong probability are insufficient to establish this intent.... Although such intent may be proven circumstantially, what must be established is that the employer knew that the injury was substantially certain to follow the employer's deliberate course of action.... To hold otherwise would undermine the statutory scheme and purpose of the workers' compensation law and usurp legislative prerogative." (Citations omitted.) Martinez v. Southington Metal Fabricating Co. , 101 Conn. App. 796, 801, 924 A.2d 150, cert. denied, 284 Conn. 930, 934 A.2d 246 (2007) ; see also Sullivan v. Lake Compounce Theme Park, Inc. , 277 Conn. 113, 118, 889 A.2d 810 (2006) ("To satisfy the substantial certainty standard, a plaintiff must show more than that [a] defendant exhibited a lackadaisical or even cavalier attitude **800 toward worker safety .... Rather, a plaintiff must demonstrate that his employer believed that its conduct was substantially certain to cause the employee *23 harm." [Emphasis in original; citation omitted; internal quotation marks omitted.] ).
This view is consistent with cases from other jurisdictions that also require that the intent of the employer must be decided on the basis of the totality of the circumstances presented. "Cases involving workplace intentional torts must be judged on the totality of the circumstances surrounding each incident.... Mere knowledge and appreciation of a risk do not establish intent on the part of the employer.... Proof that the employer knew to a substantial certainty that harm to the employee would result often must be demonstrated through circumstantial evidence and inferences drawn from the evidence.... Proof of the employer's intent ... is by necessity a matter of circumstantial evidence and inferences drawn from alleged facts appearing in the depositions, affidavits and exhibits.... An employer may be liable for the consequences of its acts even though it never intended a specific result.... If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result." (Citations omitted; internal quotation marks omitted.) Estep v. Rieter Auto. North America, Inc. , 148 Ohio App.3d 546, 551, 774 N.E.2d 323 (2002). As the Supreme Court of Florida has explained, "under the [substantial certainty] method of satisfying the [intentional tort] exception, the employer's actual intent is not controlling.... Rather, this method requires a court to look to the totality of the circumstances ...." (Citation omitted; internal quotation marks omitted.) Travelers Indemnity Co. v. PCR Inc. , 889 So.2d 779, 783-84 (Fla. 2004).
**801 In examining the totality of the circumstances, courts in other jurisdictions have often looked to warnings received by the employer about the dangerous condition prior to the accident in question. See, e.g., Pendergrass v. R.D. Michaels, Inc. , 936 So.2d 684, 690 (Fla. App. 2006) ("[o]ther cases finding a substantial certainty of injury or death from the employer's intentional conduct concentrate either on knowledge of prior incidents or an employer's concealment of knowledge of the dangers"), cert. denied, 969 So.2d 1014 (Fla. 2007) ; Mull v. Zeta Consumer Products , 176 N.J. 385, 392-93, 823 A.2d 782 (2003) (employer's conduct in disengaging critical safety devices on piece of industrial machinery precluded summary judgment in favor of employer); Woodson v. Rowland , 329 N.C. 330, 407 S.E.2d 222, 231 (1991) ("[The employer] had been cited at least four times in six and one-half years immediately preceding this incident for violating multiple safety regulations governing trenching procedures. He was aware of safety regulations designed to protect trench diggers from serious injury or death. He knew he was not following these regulations in digging the trench in question."); Howard v. Columbus Products Co. , 82 Ohio App.3d 129, 135, 611 N.E.2d 480 (1992) ("[w]here an employer is expressly warned that a device is unsuitable for its intended use in a process or system which is already known to be dangerous, and the employer installs the device despite this knowledge, the employer may be treated as if it desired the harm which results from its conduct"); see also Recalde v. Emhart Industries, Inc. , Superior Court, judicial district of Ansonia-Milford, Docket No. CV-96-0053222-S, 1999 WL 72120 (February 4, 1999) (24 Conn. L. Rptr. 126, 133) ("courts often look to warnings received by the employer concerning a dangerous condition or machine prior to the accident in question from other workers or individuals").
In the present case, in opposition to the motion for summary judgment, the plaintiff *24 presented two affidavits **802 and excerpts from his deposition. The affidavits were from himself and Daniel Quick, a former Laviero Contractors employee. In his affidavit, Quick averred that in September, 2011, he was using the excavator at issue and it malfunctioned. Quick further averred that Laviero instructed a mechanic to "rig the machine so that it could only be operated at full [throttle]." Quick averred that he spoke to Laviero about the excavator and told him that the excavator was "too dangerous to operate" and, "as rigged, either I am going to get hurt or I am going to hurt someone."
In his affidavit, the plaintiff averred that he had notified Laviero that the excavator operated only at full throttle and that this was dangerous. The plaintiff further averred that Laviero concurred with the plaintiff's opinion on the excavator, but stated that he was unwilling to "put any money into" the excavator because he was going to sell it. The plaintiff also averred that he spoke to a mechanic, Michael Lauder, after the accident and that Lauder told him that he had notified Laviero Contractors that the excavator needed to be repaired.[1] The plaintiff averred that Lauder told him that instead of fixing the excavator, Laviero Contractors instructed him to "rig the machine so the throttle would run at full speed at all times." The plaintiff also averred that Lauder had told him that, after the plaintiff was injured, Laviero Contractors "instructed [Lauder] to fix [the excavator] properly." Considering this evidence in the light most favorable to the plaintiff, I am persuaded that a genuine issue of material fact exists as to whether **803 the defendants believed that the conduct at issue was substantially certain to cause an employee harm.
Specifically, the plaintiff produced evidence that Laviero was expressly told prior to the accident in which the plaintiff was injured that his continued conduct-i.e. ordering employees to use the "rigged" excavator-was certain to cause injury. It is important to note that the exception at issue only requires that a defendant be substantially certain that the consequences of his actions will occur, not that they occur 100 percent of the time. See Suarez I , supra, 229 Conn. at 111, 639 A.2d 507. In my view, the fact that Laviero received warnings that running the excavator was both dangerous and certain to result in injuries and, nevertheless, ordered the plaintiff to operate the excavator is sufficient to overcome a motion for summary judgment.
Laviero averred that he did not intend to hurt anyone and operated the machine himself.[2] These facts allowed **804 the defendants *25 to meet their initial burden of demonstrating that there was no genuine issue of material with respect to whether the defendants had a subjective belief that an injury was substantially certain to occur. Nevertheless, the burden then shifted to the plaintiff to demonstrate an evidentiary foundation of a factual predicate, based on the totality of the circumstances, supporting an inference that there was such a belief. I would conclude that the plaintiff met that burden. The plaintiff's affidavit states that he had told Laviero that operating the excavator while rigged was dangerous and that "Laviero agreed ... it was dangerous and told me 'I'm not going to put any money into it because I am selling it.' " On the basis of this statement, which was not refuted by Laviero, a jury could infer that Laviero considered operating the excavator as "rigged" was unsafe. The question of whether such an inference would overcome the strong inference that Laviero's natural instinct to protect his own safety would have stopped him from using the "rigged" excavator if he thought it was unsafe is not properly decided on a motion for summary judgment. A review of the record at summary judgment demonstrates that there is an evidentiary factual predicate for a reasonable inference to the contrary. Choosing which of these competing inferences to draw is the province of the jury.[3] "A specific **805 intent to *26 produce injury is not the only permissible inference to be drawn from [the] defendant's [conduct], but it is one that a jury should be permitted to consider. It is for the finder of fact, not the court on summary judgment, to determine what inferences to draw." (Internal quotation marks omitted.) Suarez I , supra, 229 Conn. at 111, 639 A.2d 507. Indeed, at trial, the factual record could be developed to demonstrate that Laviero, as the owner of the company, was willing to assume considerable risk by using the excavator in order to reap the financial benefits for his company. See Santos v. Ashforth Co. , Superior Court, judicial district of Stamford-Norwalk, Complex Litigation Docket, Docket No. X08-CV-020192764-S, 2008 WL 2966521 (June 24, 2008) (45 Conn. L. Rptr. 833, 834-35) (finding genuine issue of material fact existed even where evidence at summary judgment demonstrated that supervisor, acting as alter ego of employer, went on roof and worked with plaintiffs in allegedly **806 unsafe working environment where plaintiffs were ultimately injured).[4] **807 *27 Taking the evidence in the light most favorable to the plaintiff, as is required for summary judgment, there is at least a genuine issue of material fact as to whether, in light of the totality of the circumstances presented, a jury could reasonably infer that the defendants had a subjective belief that the conduct at issue was substantially certain to result in injury to an employee. Specifically, viewing the affidavits and deposition testimony submitted by the plaintiff in opposition to the motion for summary judgment, I believe that there is a genuine issue of material fact regarding whether, in light of **808 repeated warnings, the defendants knew that ordering employees to operate an excavator rigged in a manner forcing operation at full throttle presented a dangerous condition that was substantially certain to cause injury. That issue should have properly been submitted to the jury. See United Oil Co. v. Urban Redevelopment Commission , 158 Conn. 364, 376, 260 A.2d 596 (1969). Accordingly, I would conclude that the Appellate Court incorrectly affirmed the trial court's granting of summary judgment in favor of the defendants.[5]
Accordingly, I respectfully dissent.

The majority states that warnings "do not, without more, raise a genuine issue of material fact to defeat summary judgment with respect to whether an employer subjectively believes that its employee's injuries are substantially certain to result from its action." Thus, according to the majority, even if an employer was advised by an experienced safety officer that it was substantially certain that requiring employees to engage in certain conduct would result in serious injury to the employees, that would be insufficient to submit the case to the jury. I cannot agree. Although I would agree that warnings alone may not always be sufficient, there clearly are cases in which they are. In my view, Quick's warning to Laviero that "I am going to get hurt or I am going to hurt someone" is sufficient to allow the jury to draw a reasonable inference that Laviero knew that injury was substantially certain to occur.

The concurring justice writes separately "only to underscore the importance of the fact that ... Laviero regularly operated the excavator that caused the injuries to the plaintiff ...." I disagree with the concurring justice's reliance on evidence of Laviero's use of the excavator in the present case. Laviero testified at his deposition, and averred in his affidavit, that he used the excavator "regularly" and that used it approximately one week prior to the plaintiff's accident. Laviero's testimony does not demonstrate whether he used it "regularly" during the period that it was rigged and after he had received warnings regarding the excavator's safety. It also does not indicate the nature and extent of his use of the excavator. The mere fact that Laviero used the rigged excavator in some capacity and at some point in time-quite possibly before it was rigged-does not make it "virtually impossible to fathom that Laviero would have operated the excavator on a regular basis if he was substantially certain that he would have been seriously injured from such operation." In the present case, the plaintiff's injury resulted from an alteration that was made to the excavator at some point during the defendants ownership of the excavator. Therefore, Laviero testimony that he used it "regularly" does not indicate whether the defendants were substantially certain that an injury would result from operating the machine once it was rigged. We do not know how frequently Laviero used the rigged excavator, the extent to which he used the rigged excavator on the worksite, or whether he used it to perform tasks similar to the tasks the plaintiff was required to perform with it. Indeed, on the basis of the evidence presented by the defendants, Laviero may have merely used the rigged excavator only briefly to move it from one location to another. Without more, such evidence has little, if any, bearing on whether Laviero thought injury was substantially certain to occur when the rigged excavator was used in the manner in which he required the plaintiff to use it. Cf. Fryer v. Kranz , 616 N.W.2d 102, 103-104 (S.D. 2000) (concluding that employer who had used undiluted muriatic acid alongside her employees did not have requisite belief regarding substantial certainty of injury to employees resulting from improper use of acid).

Although the majority acknowledges that the fact that Laviero received warnings, "may be used to discredit an employer's statement that he did not believe that any injury was substantially certain to occur as a result of his action. This is relevant circumstantial evidence on the issue of the employer's subjective intent." See footnote 10 of the majority opinion. Nevertheless, it concludes that "the uncontroverted evidence that Laviero himself continued to use the excavator compels the conclusion that no genuine issue of material fact exists on this point." See footnote 12 of the majority opinion. I disagree. First, despite acknowledging that the substantial certainty standard is based on examining "the totality of the circumstances," the majority concludes that one factor-namely Laviero's own use of the excavator-is dispositive and, as a matter of law, demonstrates that he did not know that an injury was substantially certain to occur. Second, the majority's repeated acknowledgment that the evidence of employer warnings in the present case is relevant evidence, but does not raise a genuine issue of material fact, places too high a burden on a party seeking to oppose a motion for summary judgment. As this court has explained: "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law ... and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.... A material fact ... [is] a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Flannery v. Singer Asset Finance Co., LLC , 312 Conn. 286, 310, 94 A.3d 553 (2014). In the present case, the plaintiff has provided an evidentiary foundation to demonstrate that Laviero received warnings about the safety of the excavator, that he acknowledged that there were safety concerns, but chose not to act on them. I would conclude, therefore, that the plaintiff has provided an evidentiary foundation of a fact that will make a difference in determining whether the defendants subjectively believed that an injury was substantially certain to occur.

The majority asserts that "insofar as the plaintiff himself testified at his deposition that, although multiple methods exist for the removal of a catch basin, the plaintiff chose to operate the rigged excavator without further protest, despite his belief that it was dangerous.... In the absence of any evidence of deception, coercion or duress, and without other evidence of intent to injure on the part of the defendants, we decline to impute the requisite subjective intent to the defendants." (Footnotes omitted.) I disagree. The mere fact that Laviero used the rigged excavator "before and after" the plaintiff's injury is not sufficient to establish that there is no genuine issue of material fact regarding whether the defendants were substantially certain that an injury would result from operating the machine as rigged. As stated previously in this dissenting opinion, the record does not reveal how frequently Laviero used the rigged excavator, the extent to which he used the rigged excavator on the worksite, or whether he used it to perform tasks similar to the tasks which the plaintiff was required to perform with it. See footnote 2 of this dissenting opinion.
Furthermore, the majority reasons that "[w]e note that the plaintiff testified at his deposition that he owned an excavator, and that he knew the defendants owned three excavators at the time of the accident. There is no evidence that the defendants refused him permission to use another excavator instead of the rigged one. There also is no evidence with respect to whether it was feasible to bring one of those other excavators to the job site." See footnote 13 of the majority opinion. I disagree with the majority's reliance on this evidence. First, there is no requirement that a plaintiff must establish either coercion or duress in order to establish a claim under the substantial certainty standard. To the contrary, as I have explained previously in this dissenting opinion, a claim under the substantially certain exception requires a plaintiff to establish only that the employer knew that the injury was substantially certain to follow the employer's deliberate course of action. Nothing in the standard requires that the employee must be coerced or under duress when following the employer's directions. Indeed, to impute such a standard into our case law would essentially require an employee to refuse to perform his job unless threatened in order to recover under this exception. Nothing in our case law imposes such a requirement and I would refuse to do so in the present case. Furthermore, the evidence contained within the record demonstrates that, although the defendants may have owned other excavators and that there may have been other methods of removing a catch basin, the plaintiff was instructed to operate this particular excavator in the manner he did on the date of the accident. Indeed, the plaintiff testified as follows at his deposition:
"Q. [O]n the day of the accident, prior to attempting to remove the catch basin, was the excavator running at full throttle?
"A. Yes.
"Q. And did you believe it was dangerous?
"A. Yeah.
"Q. So why did you operate it?
"A. I was told to.
"Q. All right. Even though it was dangerous?
"A. I was told to operate it. I worked for the guy. I operated it."
The plaintiff further explained as follows:
"Q. And so even though you knew it was dangerous to operate the machine, you chose to operate it on the day of the accident, is that right?
"A. I was told to operate the machine on the day of the accident. I was told it was all right to run it. And I ran it....
"Q. Even though you knew it was dangerous to run that machine, is that right?
"A. I was told to run the machine the day of the accident. I ran the machine the day of the accident.
"Q. The time you ran the machine on the day of the accident, did you believe it was dangerous to do so?
"A. It ran through my head, yes.
"Q. And so even though you thought it might be dangerous to run the machine, you chose to do so?
"A. I needed my job.
"Q. Didn't you have your own business at the time?
"A. Yes, actually, no.
"Q. You didn't?
"A. No, I don't think I did. I don't think I was working then, myself."
On the basis of the foregoing, I would decline to adopt the majority's requirement that the plaintiff establish the existence of duress or coercion in order to satisfy the substantial certainty standard.
Indeed, the majority's approach to substantial certainty cases so severely limits this exception as to make it virtually nonexistent. Furthermore, if employers are able to establish that an employer's use of a dangerous machine or practice-regardless of duration-establishes, as a matter of law, that the employer did not know that an injury was substantially certain to occur, the majority would allow an employer to use a machine for a matter of minutes in order to insulate himself from claims of injury by an employee who is required to use the machine all day, every day of his or her employment.

I note that the defendants attempt to challenge the legal sufficiency of the allegations in the complaint for the first time on appeal. Because this issue was not raised before the trial court and is not part of the question certified, I decline to address it.